McGREGOR W. SCOTT
United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

**Feb 24, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-0043 JAM |
| Plaintiff, | 18 U.S.C. § 1343 – Wire Fraud |
| v. | |
| CHRISTOPHER FIRLE, | |
| Defendant. | |

I N F O R M A T I O N

The United States Attorney charges:

CHRISTOPHER FIRLE,

defendant herein, as follows:

INTRODUCTION

At all relevant times,

1.    CHRISTOPHER FIRLE lived in Solano County, California. From in or around September 2015 through in or around October 2019, CHRISTOPHER FIRLE worked for Company 1. Initially, CHRISTOPHER FIRLE was Company 1's Vice President of Finance. He later became Company 1's Chief Financial Officer.

2.    Person 1 was CHRISTOPHER FIRLE's wife.

3.    Company 1 was a holding company that managed several vehicle dealerships, including dealerships in Fairfield, California.

<u>SCHEME TO DEFRAUD</u>

4.      From in or around January 2016 through in or around September 2019, in the State and Eastern District of California and elsewhere, defendant CHRISTOPHER FIRLE knowingly and intentionally devised, intended to devise, participated in, and executed a material scheme and artifice to defraud Company 1 and to obtain money and property from Company 1 by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

<u>MANNER AND MEANS</u>

In furtherance of the scheme and artifice to defraud, CHRISTOPHER FIRLE employed, among others, the following manner and means:

5.      CHRISTOPHER FIRLE used his position at Company 1 to embezzle over approximately $1.6 million from Company 1. CHRISTOPHER FIRLE embezzled the funds in multiple ways, including:

      a.    Initiating over 30 unauthorized wire transfers from Company 1 bank accounts to a bank account he and Person 1 controlled;

      b.    Issuing and causing to be issued over 30 unauthorized checks from Company 1 bank accounts made payable to himself and his mother, father, and daughter;

      c.    Making unauthorized withdrawals from Company 1 bank accounts; and

      d.    Using Company 1 credit cards to pay for personal expenses.

<u>THE WIRE COMMUNICATIONS</u>

6.      On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, CHRISTOPHER FIRLE knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce the following writings, signs, and signals:

//

//

//

INFORMATION

2

| Count | Approximate Date | Wire Description |
|-------|------------------|-----------------|
| One | 11/2/2016 | $25,000 wire transfer from a Company 1 bank account to Bank of America account ending #4565 and held in the name of CHRISTOPHER FIRLE and Person 1 |
| Two | 5/1/2017 | $25,000 wire transfer from a Company 1 bank account to Bank of America account ending #4565 and held in the name of CHRISTOPHER FIRLE and Person 1 |
| Three | 11/1/2017 | $25,000 wire transfer from a Company 1 bank account to Bank of America account ending #4565 and held in the name of CHRISTOPHER FIRLE and Person 1 |
| Four | 8/1/2018 | $20,000 wire transfer from a Company 1 bank account to Bank of America account ending #4565 and held in the name of CHRISTOPHER FIRLE and Person 1 |
| Five | 4/1/2019 | $25,000 wire transfer from a Company 1 bank account to Bank of America account ending #4565 and held in the name of CHRISTOPHER FIRLE and Person 1 |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture]

1.    Upon conviction of one or more of the offenses alleged in Count One through Five of this Information, defendant CHRISTOPHER FIRLE shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from the proceeds traceable to such violations, including but not limited to:

  a.    A sum of money equal to the total amount of proceeds traceable to such offenses, for which the defendant is convicted.

2.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Five of this Information, for which the defendant is convicted:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred or sold to, or deposited with, a third party;

  c.    has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c),

incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, up to the

value of the property subject to forfeiture.


Dated: February 24, 2021                              MCGREGOR W. SCOTT
                                                      United States Attorney


                                       By:  _____
                                            MATTHEW THUESEN
                                            Assistant United States Attorney

<u>**United States v. Christopher Firle**</u>
**Penalties for Information**

<u>**Defendant**</u>
**CHRISTOPHER FIRLE**


<u>**COUNTS 1-5:**</u>

VIOLATION:          18 U.S.C. § 1343 – Wire Fraud

PENALTIES:          Up to 20 years of imprisonment, or fine up to $250,000, or both;
                    Up to 3 years of supervised release;
                    Restitution

SPECIAL ASSESSMENT: $100 (mandatory on each count)